UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY ROHN,

              Plaintiff,

    v.

JESS JAMISON et al.,

              Defendants.

CASE NO. C11-5679 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: OCTOBER 26, 2012

       This 42 U.S.C. §1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

       Defendants have filed a motion to dismiss the action pursuant to Fed. R. Civ. P. 12(c) (ECF No. 18). Plaintiff is an involuntarily committed patient at Western State Hospital, a facility for treatment of mentally ill persons. Plaintiff alleges that the grounds and buildings at Western State are "covered" in asbestos, lead paint, and bat feces (ECF No. 8, page 3). Plaintiff makes the general statements that asbestos causes cancer, lead paint is toxic, and bat feces has E.Coli [sic] that is toxic. (ECF No. 8, page 3). Plaintiff does not allege any personal injury. Plaintiff asks that

REPORT AND RECOMMENDATION - 1

1   the Court order the evacuation of the Western State Hospital campus and prevent patients from

2   being housed on that campus (ECF No. 8, page 4).

3       Defendants argue that plaintiff has not pled facts showing that plaintiff has been denied a

4   constitutional right (ECF No. 18, page 3). Defendants state:

5       Mr. Rohn makes no assertion of injury, provides no facts supporting these allegations, and fails to tie the allegations to any violation of a right of

6       constitutional significance. Mr. Rohn's claims do not demonstrate how he has been harmed by a violation of a federally protected right or privilege, and should

7       be dismissed.

8   (ECF No. 18, page 3). Defendants argue the complaint is too vague to withstand the motion for

9   judgment on the pleadings. Plaintiff did not respond to defendants' motion.

10  STANDARD OF REVIEW

11      After the pleadings are closed but within such time as not to delay the trial, any party may

12  move for judgment on the pleadings. The standard governing a Fed. R. Civ. P. 12(c) motion for

13  judgment on the pleadings is essentially the same as that governing a Fed. R. Civ. P. 12(b)(6)

14  motion. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989) ("The principal

15  difference between motions filed pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Civ. P. 12(c) is

16  the time of filing. Because the motions are essentially the same, the same standard of review

17  applicable to a Fed. R. Civ. P. 12(b)(6) motion applies to Fed. R. Civ. P. 12(c)."); *Lake Tahoe*

18  *Watercraft Recreation Ass'n v. Tahoe Reg'l Planning Agency*, 24 F.Supp.2d 1062, 1066

19  (E.D.Cal.1998).

20      Defendants cite to pre-2007 cases in support of their motion. *Conley v. Gibson* 355 U.S.

21  41, (1957), and its progeny have been overruled and the standard is now slightly more favorable

22  to defendants. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should

23  dismiss a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal

24

1 | theory or because of the absence of sufficient facts alleged under a cognizable legal theory.
2 | *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

3 | For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 545. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The court liberally construes a pro se pleading but cannot supply facts to a complaint. *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992).

## DISCUSSION

Plaintiff seeks only injunctive relief. Plaintiff has not pled facts showing a real and immediate danger of irreparable injury (ECF No. 8). He alleges that there is lead paint in the facility, but he pleads no facts to support that claim or show that the paint is a danger to him (ECF No. 8). Plaintiff alleges there is asbestos in the buildings, but he does not state where the asbestos is located or plead facts showing that the asbestos is in a form that would be dangerous to him. *Id*. Finally, he complains of bat feces, but again, his allegations are conclusory and speculative. *Id*.

A party seeking injunctive relief must fulfill one of two standards -- the "traditional" or the "alternative." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

*Id.* (citations omitted).

In order to seek any form of injunctive relief, plaintiff must show threat of irreparable injury that is real and immediate, not conjectural or speculative. *O'Shea v. Littleton,* 414 U.S. 488, 494 (1974). Plaintiff's allegations fail to meet this burden because they are simply too conclusory and speculative. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. 544 at 545. The Court recommends granting defendant's motion for judgment on the pleadings.

Under Fed. R. Civ. P. 12(b)(6), the Court would normally give plaintiff an opportunity to amend the complaint because the Court cannot say plaintiff could not plead facts that would survive a motion to dismiss. Here, however, Defendants filed the motion for judgment on the pleadings after a scheduling order had been entered and after the time for discovery has closed (ECF No. 14). Under these facts, and in the absence of any showing by plaintiff that his complaint can be amended in a way to address these issues, allowing amendment of the complaint would be unjust. Accordingly, the Court recommends granting defendants' motion for judgment on the pleadings. The Court also recommends that plaintiff's in forma pauperis status be revoked for the purpose of appeal. Plaintiff has not responded to defendant's motion and in forma pauperis status on appeal is not warranted.

1       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

3 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

4 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

5 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

6 October 26, 2012, as noted in the caption.

7       Dated this 28th day of September, 2012.

                                                      J. Richard Creatura
                                                      United States Magistrate Judge